UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE BBYW HOLDINGS LLC,<br><br>Plaintiff, | Case No. 21-mc-80273-HSG<br><br>**ORDER RE PETITIONS FOR TRIBAL COURT ORDER**<br><br>Re: Dkt. Nos. 15, 18 |

An entity named "BBYW Holdings LLC," through Yolanda Lewis, who purports to proceed pro se (collectively, "Plaintiffs"), initiated this lawsuit on November 19, 2021, by filing a "notice of execution" seeking to enforce a purported $1,725,000,000 judgment.[1] *See* Dkt. No. 1. Pending before the Court are two motions titled "Petition for a Tribal Protection Order" filed by BBYW Holdings LLC. *See* Dkt. Nos. 15, 18. These motions seek "an emergency protective order through an *Ex-Parte* hearing" and request, among other things, a "Writ of Execution" for "Restoration of Ipso Jure American Autochthon Heirship, and cessation of racial classifications systems to institute organized genocide," as well as the return of American Autochthonous Heir's property from "third party larceners engaging in unauthorized acts of war to confiscate property." *See, e.g.*, Dkt. No. 18 at 4, 8. Because the motions request an immediate hearing and seek an "emergency" protective order, the Court construes them as requests for a temporary restraining

---

[1] The Court notes that an individual who appears pro se has no authority to appear on behalf of any other person or entity. *See, e.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (collecting cases and noting that courts routinely prohibit pro se plaintiffs "from pursuing claims on behalf of others in a representative capacity"); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). But because it is unclear from the face of the pleadings who purports to represent "BBYW Holdings LLC", and because the motions seek an immediate hearing for an "emergency" protective order, the Court will address the merits of Plaintiffs' motions.

order.  For the following reasons, the Court **DENIES** the motions.[2]

A temporary restraining order is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief.  *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Plaintiffs seeking preliminary relief must establish: (1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest.  *Winter*, 555 U.S. at 20.

Here, Plaintiffs have not established that they are likely to succeed on the merits.  Plaintiffs' legal bases for the relief sought in the motions appear to be House Concurrent Resolution 331 and 18 U.S.C. § 2265.  *See* Dkt. No. 15 at 2 ("I am demanding Congressional Mandate per H.CON.RES 331 an emergency protective order through an Ex-Parte hearing. Such hearing ought take effect immediately with or without prior notification to the respondent pursuant to Title 18 Section 2265."); Dkt. No. 18 at 2 (same).  The first is a resolution by the U.S. House of Representatives acknowledging the contribution of the Iroquois Confederacy of Nations to the development of the United States Constitution and reaffirming the continuing government-to-government relationship between Indian tribes and the United States.  *See* H. Con. Res. 331, 100th Cong. 2nd Sess. (1988).  Plaintiffs have identified no authority for the proposition that this resolution provides any litigant with a private right of action, and the Court is aware of none.

The Court assumes that Plaintiffs also seek to invoke the procedure set forth in 18 U.S.C. § 2265, which provides that a qualifying protection order issued by any "State, Indian tribe, or territory" shall be accorded full faith and credit by the court of another State, Indian tribe, or territory.  Among other things, to be accorded such full faith and credit, the protection order in question must be issued by a "state, tribal or territorial court" with "jurisdiction over the parties and matter under the law of such State, Indian tribe, or territory."  18 U.S.C. § 2265(b)(1).

At best, it is unclear that § 2265 offers Plaintiffs a private right of action to impose civil

---

[2] The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).

liability or to have a protection order enforced.  *See Van Hope-el v. United States Dep't of State*, No. 1:18-CV-0441-JLT, 2019 WL 295774, at *4 (E.D. Cal. Jan. 23, 2019), ("The statutes arising under Title 18 of the United States Code, address violations of criminal law. Courts have determined repeatedly that claims arising under Sections 241, 1028, and 2265—which Plaintiff seeks to invoke here—fail because the statutes do not provide a private right of action or impose civil liability."), *aff'd sub nom*, *Hope-El v. U.S. Dep't of State*, No. 19-15311, 2019 WL 3941181 (9th Cir. June 26, 2019); *Mundkowsky v. Cty. of L.A.*, No. CV 14-599-CAS(CW), 2015 U.S. Dist. LEXIS 89954, at *27-28 (C.D. Cal. June 2, 2015) ("Section 2265 does not create a private right of action . . . . [N]othing in § 2265's text either expressly or impliedly reflects that Congress intended to create a private right or a private remedy.").  And in any event, the Court finds that Plaintiffs have not validly invoked § 2265 because they have not presented the Court with a protection order issued by a State, tribal, or territorial court recognized under either federal or state law within the meaning of § 2265(b).  Thus, because Plaintiffs have failed to establish a legal basis for the relief they seek and have therefore not shown a likelihood of success on the merits, their motions are **DENIED.**  This Order accordingly **TERMINATES** Docket Nos. 15 and 18.

Moreover, after reviewing the initial filings in this case, the Court finds that it should not have been classified as a miscellaneous case.  The Court **DIRECTS** the Clerk to close this case.  Should Plaintiffs refile this action, they shall do so by filing a complaint, a civil cover sheet, and either paying the fee for filing a civil case or filing a motion to proceed in forma pauperis.

**IT IS SO ORDERED.**

Dated:  1/10/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge